**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3054
_____

TIMOTHY SHERIDAN,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00768)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: January 21, 2014)
_____

OPINION
_____

PER CURIAM

Timothy Sheridan claimed $1,000,000 as a loss due to theft or patent infringement

on his income tax returns for 2009, 2010, and 2011.  Those returns were subsequently

audited by the Internal Revenue Service ("IRS"), which found that there had been no

judicial determination of patent infringement and damages and that Sheridan had not established that any loss was actually sustained. It determined that he was not entitled to the deductions and therefore served him with a notice of deficiency in the amount of $43,167.

Sheridan's supposed losses apparently relate to his patent for a smokeless tobacco pipe, U.S. Patent No. 7,415,982 (filed Feb. 15, 2001), which he claims has been infringed upon by the people of the United States. He estimates that he has lost $20 billion dollars as a result of that infringement, which he argues constitutes an "effective tax imposed." He filed a pro se complaint seeking to enjoin the Internal Revenue Service ("IRS") from auditing him further or collecting the taxes identified in his notice of deficiency, as well as an order directing the agency to issue him a refund on behalf of the United States and its people. The District Court dismissed the suit for lack of subject matter jurisdiction, and Sheridan now appeals.[1]

The Anti-Injunction Act, 26 U.S.C. § 7421(a), states that, with limited exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Although the Act does not apply if it is clear that under no circumstances could the Government ultimately prevail in its claim of tax liability, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review is plenary. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

exception does not apply to Sheridan's case.  The Act likewise would not apply if Sheridan had no alternative remedy, see South Carolina v. Regan, 465 U.S. 367, 378 (1984), but he could either petition the Tax Court pursuant to 26 U.S.C. § 6213 or, after paying the assessed taxes, file a refund suit under 26 U.S.C. § 7422(a).  Thus, the Act applies in this case, and the District Court lacked subject matter jurisdiction to entertain Sheridan's claims regarding the tax deficiency identified in his 2009, 2010, and 2011 returns.  Sheridan's claim that his estimated $20 billion in losses constitutes a tax for which he is owed a refund is nonsensical.  Even if it were not, the District Court was barred from entertaining this aspect of the suit under 26 U.S.C. § 7422(a) because Sheridan did not first file a claim for this refund with the IRS.

We will affirm the District Court's dismissal of Sheridan's suit.[2]

---

[2] We agree with the District Court's determination that any amendment to this complaint would have been futile.  Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

3